# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TRAVAN JONES** | : | **CIVIL ACTION NO. 14-CV-3448** |
| **DOC #541984** | | **SECTION P** |
| **VERSES** | : | **JUDGE TRIMBLE** |
| **TERRY TERRELL, ET AL** | : | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Travan Jones (hereinafter "Jones"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC").   He is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.   Jones names ACC Warden Terry Terrell; ACC Lieutenant Romero; GEO Group, Inc.; and LDOC Secretary James LeBlanc as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

## I.
### BACKGROUND

Jones alleges that on May 1, 2014, he was subjected to unauthorized use of force by defendant Romero.  Doc. 1, att. 2, pp. 2-3.  Specifically he states that, while standing near the bars of his cell waiting to get his food, Romero approached him and asked him when he last had handcuffs placed on him.  Doc. 1, att. 2, p. 2.  Jones replied that it had been awhile and Romero told Jones to put his hands through the bars.  Doc. 1, att. 2, p. 3.  Jones complied and Romero put a handcuff on Jones's right wrist.  *Id.*  Jones asked Romero to remove the handcuff but Romero

did not have a key.  *Id.*  Romero took Jones to the barber shop area and tried to remove the cuff

with a paperclip.  *Id.*  Jones states that while Romero was attempting to open the handcuff the cuff

tightened because it was not double locked.  *Id.*  Romero eventually secured a key and the cuff

was removed after approximately forty-five minutes.  *Id.*  Jones alleges that the cuff cut of the

blood circulation to his right hand and caused bruising.  Doc. 1, att. 2, pp. 3, 5.  Jones treated in

the medical department and an x-ray was taken on May 9, 2014.  Doc. 1, att. 2, p. 3.  Jones claims

that he does not know the result of the x-ray.  *Id.*

Jones contends that the above action violated his Eighth Amendment rights against cruel

and unusual punishment.  Doc. 1, att. 2, p. 4.  As relief, he seeks declaratory relief, compensatory

and punitive damages, a jury trial, and costs of filing suit.  Doc. 1, att. 2, p. 7.

### III.
### LAW AND ANALYSIS

#### A.  *Frivolity Review*

Jones has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  Under

28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines

that the action is frivolous or malicious or fails to state a claim on which relief may be granted.

See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d

1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).  A

complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot

prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Indep.*

*Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous

or fails to states a claim upon which relief may be granted, the court must accept plaintiff's

allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157

F.3d at 1025 (failure to state a claim).

### B.  *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under § 1983.  In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *Hessbrook v. Lennon,* 777 F.2d 999, 1005 (5th Cir. 1985).

A constitutional violation occurs only when two requirements are met.  First, the prison official's act or omission must result in a deprivation that is sufficiently serious, such that it results in the denial of "the minimal civilized measure of life's necessities" or denies the prisoner some basic human need.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Second, the court must determine that the prison official responsible for the deprivation has been "'deliberately indifferent' to inmate health or safety."  *Id.* at 834.  A finding of deliberate indifference requires a finding that a prison official was personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed in undertaking the act or omission complained of, and that he or she actually drew that inference.  *Id.* at 837.  Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim.  *Id.* at 835 ("deliberate indifference entails something more than mere negligence.").

In the present case, Jones's allegations do not demonstrate that Romero's conduct constituted deliberate indifference in regard to the alleged incident.  According to his complaint,

after putting the handcuff on Jones, Romero immediately attempted to remove them.  While not having a key to unlock the cuff might, at best, constitute negligence or even gross negligence, it does rise to the level of cruel and unusual punishment.  In fact, Jones's own statement indicates that the incident may have been in the line of "horseplay."  Doc. 1, att. 2, p. 4.

As stated in a response to Jones's grievance on this matter, "the incident was unfortunate and it is with regret that you were subjected to the improper use of hand cuffs.  Per your medical records, you were immediately assessed after it was brought to the attention of ranking security.  It was noted that there was red/mild swelling to your right wrist and there was no fracture or dislocation to our right wrist or hand. … ALC staff does not deny the incident, only concede[s] that it should not happen again.  Information was received from ALC staff that corrective action was taken to ensure this type of incident does not occur in the future."  Doc. 1, att. 3, p. 4.  Based on the foregoing, Jones has not shown that he was denied the minimal civilized measure of life's necessities in order to constitute cruel and unusual punishment.

### C.  Supervisory Liability

Jones has not stated sustainable claims against GEO Group, Inc., Warden Terrell, or DOC Secretary LeBlanc.  It is clear that these parties are named in their supervisory capacities.  It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior.  See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir.1992).  To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v.  Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).  Jones has not made any such allegations herein, and his claims against these defendants should be dismissed.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Jones's civil rights complaint be **DISMISSED WITH PREJUDICE** as his claims are frivolous and fail to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE